**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KIM RAYMOND FEASTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-204 (MTT)** |
| | ) | |
| **DOOLY COUNTY, GEORGIA, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Plaintiff Kim Raymond Feaste filed two motions requesting an extension of time for service. ECF 94, 122. On May 21, 2026, Feaste filed a complaint and a motion for leave to proceed *in forma pauperis*. ECF 1, 2. On July 2, 2026, the Court directed that no Defendant be served pending screening of the complaint. ECF 36. Feaste later withdrew his *in forma pauperis* motion and paid the filing fee on July 23, 2026. ECF 43, 45. Feaste arranged for service through the respective sheriff's offices and documented those efforts. ECF 54, 59, and 78. While there are executed summons returns for Sheriff David Davis and Macon-Bibb County, Georgia, Feaste has not located corresponding executed returns for the remaining Defendants. ECF 83, 94. Feaste states that he confirmed before mailing that the Monroe County Sheriff's Office could perform service. ECF 122 ¶ 2. Feaste mailed complete packets and $150 in fees and delivery was confirmed August 3, 2026. *Id.* However, on October 21, 2026, the office told

Feaste that the Monroe defendants had not been served and that the office does not serve federal lawsuits. *Id.* Additionally, Feaste states that counsel for Defendant Eschenbach offered to execute a waiver, but there has still been no executed waiver. *Id.* ¶ 3. Finally, Feaste states that he is now hiring "multiple independent private process servers … to effectuate service as fast as possible." *Id.* ¶ 7. Feaste now requests a 45-day extension. *Id.*

Under Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve the defendant with all appropriate papers within 90 days from the date he files his complaint. Fed. R. Civ. P. 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule allows the Court to dismiss an action "on its own after notice to the plaintiff." *Id*. However, "[e]ven if a district court finds that a plaintiff failed to show good cause, 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *Rance v. Rocksolid Granite USA, Inc*., 583 F.3d 1284, 1286 (11th Cir. 2009) (citation omitted). The Advisory Note to Rule 4(m) gives some guidance regarding what factors may justify the grant of an extension of time absent a showing of good cause. "Relief may be justified, for example, if the applicable

statute of limitations would bar the refiled action . . . .” Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

The Court order directing that no Defendant be served pending screening, the confusion regarding the Monroe County Sheriff’s Office, and the corrective efforts being taken for the failure to serve, all suggest good cause. Because of this, and because Feaste is proceeding pro se, the Court **GRANTS** the motions to extend time for service (ECF 94, 122) and will allow Feaste an opportunity to serve the remaining unserved Defendants. This extension is granted without prejudice to any Defendant’s possible contention that service is not timely. Pursuant to Rule 4(m) the Court may “order that service be made within a specified time.” The Court, therefore, **ORDERS** that service be made **on or before December 25, 2026**. Should Feaste fail to properly serve the Defendants **on or before December 25, 2026**, his action will be dismissed without prejudice concerning those Defendants. Given the passage of time, such a dismissal may, in effect, be a dismissal with prejudice that bars Feaste from refiling his action.

**SO ORDERED**, this 10th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT